UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:04-cr-0084 (LJM/KPF) |
| | ) | |
| CHRISTOPHER LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on October 3, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 28, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held October 18, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Lloyd appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Doris Pryor, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Lloyd in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Lloyd and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Lloyd was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Lloyd was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Lloyd was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Lloyd had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Donahoe stated that Mr. Lloyd would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Lloyd orally waived the preliminary hearing, which was accepted by the Court.

8. Mr. Lloyd, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

> The offender submitted to urinalysis testing on January 14, 2011; January 21, 2011; February 5, 2011; August 22, 2011; August 29, 2011; and September 15, 2011, all of which tested positive for marijuana. Furthermore, the offender provided an invalid (dilute) sample on September 10, 2011.
>
> The offender was confronted about the first set of positive test results in January and admitted using marijuana. He was placed on the highest level of testing and warned that continued use of marijuana would result in the probation officer seeking a sanction from the Court. These results were reported to the Court via a Report on Offender Under Supervision on March 7, 2011. The offender was confronted again in August regarding his second set of positive results, and he again admitted his use of marijuana.

The Court placed Mr. Lloyd under oath and directly inquired of Mr. Lloyd whether he admitted violations of the specifications of his supervised release set forth above. Mr. Lloyd stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

    1)    Mr. Lloyd has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Lloyd constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Davis is 6-12 months.

4) The appropriate disposition of the case would be a sentence of 6 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Christopher Lloyd, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Christopher Lloyd is sentenced to the custody of the Attorney General or his designee for a period of 6 months, with no supervised release to follow. It is recommended that defendant be confined at a federal correctional institution nearest to Indianapolis, Indiana. The defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Lloyd stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Lloyd entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Christopher Lloyd's supervised release.

IT IS SO RECOMMENDED this 18th day of October, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Doris Pryor,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal